The cause came to a hearing, and afterwards Chancellor Rutledge pronounced the following decree of the court:
Complainants bill is brought as one of the administrators of the late Mrs. Wright, against defendants, executors of James A. Wright, who was the other administrator on the said estate, for an account of his administration, and to restrain defendants from compelling payment of a sum. of money received by him from their testator, until the accounts before mentioned are liquidated. Defendants by their answer oppose an investigation and settlement of the account on three grounds. 1st. That Alexander Wright, $he father of complainant, and of defendant’s testator, was entitled to a life estate in the property, (having survived his wife,) in virtue of a marriage settlement, and that he; never relinquished his right thereto; and to shew that he did not, they relied on a paper which they gave in evidence, dated 28th August, 1796, entitled regulations made by Alexander Wright with J. A. W. and J. J. W. drawn by the father, and signed by complainant and his brother^ inferringfrom thence, that J ames A. Wright must have settled the account of his administration previous thereto with his father. Another ground set up is, that when a division of their mother’s estate was made in May, 1797, complainant gave two bonds to their testator for a sum oí *244 money, being the difference between the value of the pro® perty allotted to him, and that to his brother, and did not t|len ma]-e the claim now insisted on. A third ground ' ° was, that when their testator, in the year 1800, contracted w-tk Gomp]ainant for his share of their father’s estate, in Jamaica, the account now demanded was left entirely out of view, whence they infer that all accounts between the parties were mutually relinquished.
Two questions were agitated in this case, which occu? pied a great deal of the time of the court unnecessarily.— 1st, with respect to the light in which a-woman is to be considered, whose husband is banished, and estate confiscated; and 2d, as to the husband’s right to claim a life estate in property settled on marriage, he having survived his wife, but is still in banishment. Both these points are extremely plear: the first, that she- is considered as a feme sole, in every point of view ; may contract debts, and acquire property, which she may again dispose of by deed or will* 2d, that the husband beingbanished, is considered as civiliter mortuus, and such rights as would have survived to him on the death of his wife, are extinct and gone with him j and the estate must consequently go to those to whom It is limited over. The case is reduced to these plain simple questions — whether an administrator and coheir has aright to call his co-administrator and co-heir to an account for his administration of the estate they are respectively entitled to ? And whether complainant has done any thing to testify his relinquishment of that right ? The first question cannot be controverted, that an administrator and co-heir, may compel his co-administrator and co-heir to account. The second question then only remains to be considered, whether complainant has done any thing to shew a relinquishment of his right ? Upon this question, the paper entitled regulations, &c. is strongly relied on by defendant. But upon a careful perusal of that paper, it does not appear that a settlement of accounts relative to the estate in question, previous to that period, was at all contemplated: nothing is said on the. subject, *245 and an arrangement or mode of conducting the affairs of the estate in future, of a temporary nature, and settled by the father, is the sole object of those regulations ; which complainant and his brother subscribed, not from an ac-knowledgement of his right to make them, but from motives of policy : knowing that he possessed a large estate in Jamaica, and if they opposed his inclinations, he would most probably dispose of that estate^to some other person. That paper therefore, we think, ought not to have any weight in the determination .of the question.
With respect to the bonds given by complainant, when the division of the estate was made, they were given, it is to be presumed, in conformity to the mode prescribed by that deed, so that no inference can fairly be drawn from that act of an acquiescence on 'the part of complainant, respecting the account of his co-administrator being thereby settled. Indeed his subsequent conduct plainly evinces the contrary, for we .find defendant’s testator by letters in the months of April, June and October, 1798, several months subsequent to the division of the estate, written to complainant, informing him that he l^d drawn out his account, had mislaid it, but would draw it out again, and send it to him. It is impossible for us to ascertain whether he meant a private account between them, or those of his administration. The latter is as probable as the former; especially as it has not been attempted to be proved that he ever settled his account with his father. It is to be lamented that executors and administrators in general, are so remiss in their duty as not to conform to the directions of the law, by rendering accounts of their administration to the ordinary annually. Had that been done in this case, no difficulties could have occurred.- There would have been no occasion for the present suit, and a public discussion of family discord, fat all times unpleasant, but which must, be peculiarly so to the relatives ofthe deceased) would have been avoided. The court are of opinion, and- decree, that the defendants account for their testators administration of the *246 monies belonging to the estate-which he received, and that the injunction be continued till further order of the court. ■ '■